**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIONICIO R. CRUZ VALERIO, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 15-1906 (JLL) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**LINARES**, District Judge:

Presently before the Court is the motion of Dionicio R. Cruz Valerio ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1). On May 22, 2015, this Court issued an order directing Petitioner to show cause why his petition should not be dismissed as untimely. (ECF No. 2). On June 8, 2015, Petitioner filed a response to that order. (ECF No. 3). For the following reasons, the Court will dismiss Petitioner's motion as untimely.

## I.  BACKGROUND

As this opinion deals solely with the issue of the timeliness of Petitioner's motion, only a brief recitation of the dates involved is necessary to provide context to this Court's discussion of Petitioner's motion. On December 7, 2010, Petitioner pled guilty pursuant to a plea agreement to one count of conspiracy to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. § 963. (ECF No. 1 at 1). This Court sentenced Petitioner on July 2, 2012. (*Id*). Petitioner thereafter timely appealed to the Third Circuit, which affirmed on October 18,

2013.  *See United States v. Valerio*, 541 F. App'x 174 (3d Cir. 2013).   Petitioner did not file a petition for certiorari with the Supreme Court.

On or about March 4, 2015, Petitioner filed a motion pursuant to 28 U.S.C. § 2255.   (ECF No. 1 at 13).   On May 22, 2015, this Court entered an Order directing Petitioner to show cause why his motion was not untimely.   (ECF No. 2).   Petitioner responded to that order on or about June 8, 2015, and now argues that his motion should benefit from equitable tolling and should therefore be treated as timely filed.   (ECF No. 3).

## II.  DISCUSSION

### A.  Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.   Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.   Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure."   *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert.*

*denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

### B.    Analysis

### 1.    An evidentiary hearing is not required

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions under the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).   Where the record and the trial judge's knowledge of the petitioner's case combine to conclusively negate the factual predicates asserted by a petitioner or indicate that the petitioner is not entitled to relief as a matter of law, a hearing is not required by the statute.   *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546.   For the reasons set forth below, Petitioner's motion is untimely and there is no basis for equitable tolling.   As such, Petitioner is not entitled to relief as a matter of law as his motion is time barred, and no evidentiary hearing is therefore necessary for the resolution of Petitioner's motion.

### 2.    Petitioner's § 2255 is untimely and there is no basis for equitable tolling

In his response to this Court's order, Petitioner acknowledges that his motion was not filed within the one year period specified by 28 U.S.C. § 2255(f), but argues that he should receive the benefit of equitable tolling.   Under the statute, a motion under § 2255 is subject to a one-year

statute of limitations and must therefore be filed within one year of the date that his conviction becomes final.[1]   28 U.S.C. § 2255(f)(1).   Where a petitioner has filed a direct appeal but does not file a petition for certiorari, his conviction becomes final for the purposes of the statute of limitations on the date on which the time for him to file a timely petition for certiorari expires. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).   A petition for certiorari is only timely if filed within ninety days of the entry of the order of the Court of Appeals.[2]   *Id.* Petitioner's conviction therefore became final on January 16, 2014, 90 days after the Third Circuit entered its order and opinion affirming this Court's sentence on October 18, 2013.   The one year statute of limitations had therefore run as to Petitioner's conviction on January 16, 2015, approximately a month and a half before Petitioner filed his § 2255 motion.

Petitioner argues that the statute of limitations should be equitably tolled because his attorney allegedly never informed him of the Third Circuit's October 2013 decision, of which he learned only after asking for an update from that court in October 2014.   Equitable tolling "is a remedy which should be invoked 'only sparingly.'"   *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).   A petitioner seeking equitable tolling must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence."   *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399

---

[1] Petitioner does not argue that any of the alternative starting points for the running of the statute of limitations applies, and this Court agrees that those alternatives do not apply here.   *See* 28 U.S.C. § 2255(f)(2)-(4).

[2] To the extent that Petitioner suggests that the ninety days instead runs from the filing of the mandate, this Court rejects such an argument as Supreme Court Rule 13 clearly establishes that the ninety days runs from the entry of judgment and "not from the issuance date of the mandate."

(3d Cir. 2011)).   Diligence in this context is determined objectively, but does take into consideration a prisoner's particular circumstances.   *Id.*   In non-capital cases, an attorney's "malfeasance or non-feasance is typically not an 'extraordinary circumstance which justifies equitable tolling of a § 2255 motion." *Bass*, 268 F. App'x at 199; *see also Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004).   The exception to this general rule is quite narrow, and arises only in those cases where an attorney's affirmative misrepresentation to his client is coupled with extreme diligence on the part of the petitioner.   *See Schlueter*, 384 F.3d at 76; *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239-42 (3d Cir. 1999) (permitting equitable tolling of the Title VII statute of limitations where an attorney affirmatively misled his client to believe he had timely filed a complaint and the client thereafter filed her complaint within one day of the statute of limitations following extensive efforts to ensure timely filing).

Petitioner argues that the only reason he did not timely file his § 2255 motion is that he did not learn of the denial of his direct appeal until October 2014, more than a year after the Third Circuit issued its opinion affirming his conviction and sentence.   Petitioner asserts that his attorney did not inform him of the Third Circuit's decision, nor of the January deadline for the filing of a § 2255 motion due to his attorney's "extreme negligence."   Petitioner asserts no more than attorney non-feasance as the exceptional circumstances supporting equitable tolling, and does not assert that his attorney affirmatively mislead him or otherwise committed malfeasance, let alone the severe malfeasance required to fit the exception outlined in *Schlueter*.   384 F.3d at 76. The failure of counsel to inform Petitioner of the Third Circuit's decision and the deadline for filing the current motion is simply insufficient to qualify as an exceptional circumstance warranting equitable tolling.   *Id.*; *Bass*, 268 F. App'x at 199.

5

Even if Petitioner could show exceptional circumstances, he cannot establish the second prong of the equitable tolling test: that he acted with reasonable diligence.   Although Petitioner quotes from the Second Circuit's decision in *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003), to suggest that he, like Baldayaque, made efforts at the earliest possible time to obtain a lawyer, had no funds to consult with additional lawyers, that his lawyer failed to communicate directly with him at any time, lacks education and doesn't speak or write English well, and lacked direct access to forms of legal assistance; Petitioner provides no evidence or even allegations that would suggest that he took any of the steps recounted by the Second Circuit in *Baldayaque*.[3]

What is clear from the record and from Petitioner's response to the order to show cause, however, is that Petitioner was informed of the Third Circuit's decision at the latest when he received that court's October 27, 2014, letter informing him of the result and the date of the Third Circuit's decision entered on October 18, 2013.   (Letter attached to ECF No. 3 at PageID 62-63). According to documents submitted by Petitioner, he received that letter on October 30, 2014. (*Id.*).   Thus, Petitioner was made aware of the Third Circuit's decision in late October, 2014, two and a half months before the running of the statute of limitations for a § 2255 motion.   Petitioner, however, did not file his motion until March 2015, more than four months later.   There is nothing in the record to suggest any steps taken by Petitioner between October 30, 2014, and January 16, 2015, to suggest that Petitioner was exercising reasonable diligence in pursuing his rights during that time, let alone the sort of extreme diligence necessary to fit within the exception outlined in

---

[3] Petitioner's insertion of his own name into those quotes (ECF No. 3 at 8) notwithstanding. This Court also notes that the Second Circuit in *Baldayaque* expressed no opinion as to whether the circumstances which Petitioner quotes would be sufficient to form the basis of a finding for reasonable diligence, instead remanding that question.   *See* 338 F.3d at 153.

*Schlueter* to the general rule that even attorney malfeasance is insufficient to warrant equitable tolling. 384 F.3d at 76. As Petitioner has failed to show both exceptional circumstances and reasonable diligence, equitable tolling is not warranted in this case. This Court will therefore dismiss Petitioner's § 2255 motion as time barred.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless she has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's motion is clearly time barred and jurists of reason could not disagree with this Court's ruling denying Petitioner's request for equitable tolling, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, this Court will dismiss Petitioner's § 2255 motion as untimely, and no certificate of appealability shall issue. An appropriate order follows.

Hon. José L. Linares,
United States District Judge

7